STATE, use of JOHN H. LONGNECKER, Clerk, &c., *vs.*
GEORGE H. CARMAN and others.

### *Action on a Clerk's Official Bond—Fees of Office.*

In an action on the official bond of a Clerk of the Circuit Court for Baltimore County, instituted by his successor in office, in the name of the State, to recover fees received by the former, for work which he had left unfinished, and which had been subsequently done by the latter, it was held that there could be no recovery until he had completed all the business of the Clerk's office left unfinished by the former.

Under the 8th section of the 38th Article of the Code of Public General Laws, the remedy given to the Clerk, to recover for work done by him, the fees which had been received therefor by his predecessor in office, is by an action against the "former Clerk or his representatives," and not by a suit upon his official bond. (BARTOL, J.)

APPEAL from the Superior Court of Baltimore City.

This suit was instituted 18th August, 1864, in the Circuit Court for Baltimore County, whence it was subsequently removed to the Superior Court of Baltimore City. It was an action brought on the official bond of George H. Carman as Clerk of the Circuit Court for Baltimore County, to the use of John H. Longnecker, his successor in office, suing in his official capacity. The appellees pleaded separately, *non est factum,* and special pleas of performance of the condition of the bond. To the pleas of the several appellees, the appellant replied, that the said writing obligatory was their deed respectively, and that said Carman did not perform the condition of his said bond. At the trial it was admitted that Carman had been Clerk of the Circuit Court for six years, ending December 1st, 1863, that the Honorable John H. Price had been Judge of the said Court during that time, and that John H. Longnecker succeeded Carman in office, and was still Clerk. The appellant then proposed to offer in evidence a certified copy of the bond, dated 5th December, 1861, which was in the form prescribed by statute,

for the official bonds of Clerks of the Circuit Courts, and which had been approved by the Judge on the day of its date, and recorded by the appellee Carman, as Clerk, on the following day. On its face it appeared that there was only one seal, which was opposite to the name of the appellee Carman. No proof was offered of the execution or delivery of the bond. The appellees objected to the admission of the said certified copy, as proof of the execution of said bond by them respectively, or as evidence, by itself, to maintain the issues on the part of the appellant, upon the several pleas of *non est factum*. But the Court (MARTIN, J.) overruled the objection, and permitted the same to be read to the jury, and ruled that it was conclusive evidence, that the said instrument of writing therein recited, was the bond of all the appellees. To this admission of said writing as evidence and to the ruling of the Court, the appellees severally, excepted. The appellant then proposed to show, that Carman, while Clerk of the Circuit Court, received fees amounting to $6,378.33, for business of the office, which he ought to have finished, and that said business was left unfinished for more than six months after the expiration of his term of office, and was never completed by him; it being at the same time admitted that only a portion of said business had been finished by the appellant. The Court refused to admit such evidence; to which refusal, the appellant excepted. The appellant further proposed to prove, that although by far the larger part of the work so left unfinished by the appellee Carman, remained uncompleted by himself at the date of the institution of this action, he had yet done some of it, and that the fees eceived by said Carman, for the portion of work thus subsequently performed by the appellant, amounted to $800. The Court rejected the evidence, and ruled that there could be no recovery on the bond sued on in behalf of the appellant, the successor of Carman, until he had

completed all the business of the Clerk's office, left unfinished by said Carman. To this ruling the appellant excepted. By agreement of counsel there was no finding by the jury upon the issues raised by the pleas of *non est factum.* Upon the other issues the verdict and judgment were for the appellees.

The question as to the admissibility of the certified copy of the bond as evidence, for the purpose for which it was offered, was not considered by this Court in its opinion, and the argument thereupon, for that reason, is omitted.

The cause was argued before BOWIE, C. J., BARTOL, WEISEL and CRAIN, J.

*W. Shepard Bryan* and *A. Randall* (Attorney General) for the appellant:

The appellant's exceptions must be decided on the construction of Article 38, sections 7 and 8 of the Code of Pub. Genl. Laws. The ruling of the Court was, that there could be no recovery until the whole of the work had been completed by Longnecker. To determine whether there could be a recovery on the bond, it must be ascertained whether there had been a breach of it. If there were a breach, a recovery is the necessary consequence; the amount to be recovered will be considered as a separate question. The terms of the bond are very comprehensive; after enumerating many particulars, it binds the Clerk to discharge the duty of his office, "legally, duly and faithfully." One of his duties unquestionably was to perform the work for which he had received the fees in controversy. Consequently he broke the condition of his bond by failing to do it. What should be the extent of the recovery?

The money received by Carman was the property of the State, to be accounted for by him. If he had paid it over

to Longnecker, Longnecker would then have become accountable to the State, and his official bond would have been liable for it. It was obviously Carman's duty, according to the statute, to have done so. The law makes it the duty of Longnecker to do the work left undone by Carman; and it makes it the duty of Carman to pay over to Longnecker the public money in his hands, received by him for work never done. It may be asked, should Longnecker receive the money before he does the work? The answer is, that he receives it for the State, and he must account for it as other public money. Surely it is competent for the Legislature to direct that an outgoing Clerk should ¹pay over public money to his successor in office, and to direct that the successor should perform duties left undone by him. It is an error to suppose that the money is to be paid to the successor as a compensation for work done by him, inasmuch as he can get only his salary, whether he receives this money or not. There has been a breach of the bond ; the damages are the amount received for duty unperformed. *Code Pub. Genl. Laws, Art.* 75, *sec.* 70. And these damages belong to the State. They are now sued for in the name of the State by the public officer, appointed by the statute to receive them. Even if these views be totally incorrect, it is submitted that it is error to refuse a recovery to the extent of the work actually done.

*Arthur W. Machen*, for the appellees, contended :

That conceding, for the sake of the argument, that the bond in question is the deed of all the appellees, this is a suit against sureties to recover, for the use of a new Clerk, money to which he is no more entitled, to say the least, than the previous incumbent of the office—the work for which it is to be a compensation, still remaining unperformed. The language of the statute upon which the action must rest, (Code Pub. Genl. Laws, Art. 38,

secs. 7, 8,) is express, that the new Clerk shall *complete* ALL the unfinished business which his predecessor failed to finish, within the six months allowed him for the purpose, after his retirement from office; and that he shall be allowed, *for so doing*, the usual fees, to be collected from the former Clerk, where he has received the fees. Completion of the whole unfinished work is thus a condition precedent. The reason is obvious. What the law is aiming at, is *completion;* and this object would be frustrated, if the new Clerk were at liberty to select such part as he might think fit, of the unfinished arrears, exact payment for this, and leave the rest undone. There is a general provision, that no officer shall send out his fees on execution more than once in every year, and that between the first of January and the first of May. *Code Pub. Genl. Laws, Art.* 38, *sec.* 2. The section in question imposes the further condition, as to unfinished work left over from the preceding term, that he must clear up the whole before seeking compensation for a part. The remedy provided is special. The right of action is founded altogether upon the 8th section of Article 38, and by it recourse is limited to the predecessor, or his representatives. If it had been intended to give the succeeding Clerk the benefit of an action upon his predecessor's bond, the law would have so said. A statutory remedy cannot be enlarged. And not only is no action on the bond expressly given in the statute, but, on the contrary, negatived, upon the principle *expressio unius est exclusio alterius,* by the insertion of the word "representatives," pointing to those who shall stand in personal succession to the faulty Clerk, and ignoring sureties; but the condition of the bond itself seems equally to exclude such extension of liability. The bond, the obligation of which is by law limited to two years, provides simply that the principal "shall well and faithfully pay over to the *Treasurer of the State of Maryland*

all sums of money received by him for the use of the State, according to law, &c., and shall well and truly account for the same with the officer or persons author-ized to receive the same." The fees now sought to be recovered back, must have been accounted for by Carman in the years in which they were respectively received by him. If, taking them into account, the emoluments of the year exceeded twenty-five hundred dollars, he paid the excess to the Treasurer. That was his duty—Code Pub. Genl. Laws, Art. 18, sec. 9 : and it is to be presumed he performed it. If he did not, it was a breach of his bond, being within the letter of the condition, and also ex-pressly made a breach of it by section 12 of Art. 18. Thus, what the bond was answerable for, was the pay-ment to the Treasurer of the excess over twenty-five hundred dollars, if the receipt of these fees swelled the emoluments of any one year beyond that limit. For the payment over of them to the succeeding Clerk, after the expiration of his own term of office, in consideration of such successor having done the work, the bond and the sureties are no more responsible than they would be for the payment of due compensation to any third person, whom the ex-Clerk, during his six months of grace, might have contracted with and employed to do such work. The obligation of sureties is not to be extended by implication. *Fullerton et al. vs. Miller*, 22 *Md. Rep.*, 1.

Carman duly accounted to the State for the fees in question in the year in which he received them, or he did not. If he did not, the bond was immediately liable. Now, it is absurd to say that after a recovery of them then for the use of the State, the sureties could, at this day, be made liable again for the same money, in a suit for the use of Longnecker. If Carman did account for them in the year when received, then *a fortiori* the State has no interest in the prosecution of Longnecker's demand, and the obligation of the bond, which was dis-

charged whilst Carman was Clerk, cannot be revived, or renewed, by implication, for the benefit of Mr. Longnecker. This point is made still more clear, if possible, by recurring to the legislation anterior to the Code, and embodied in it. The form of the bond was established by the Act of 1800, ch. 82, the object of which, as declared in the preamble, was to secure the payment of the moneys payable by the Clerks "to the Treasurer of the several shores of the State." The provisions of the 7th and 8th sections of Art. 38 of the Code Pub. Genl. Laws, formed the subject matter of the Act of 1844, ch. 311. The words of that Act are, "said fees to be recovered from the *old officers or their legal representatives.*" It did not in any manner indicate an intent to increase the responsibility of the bond of the old Clerk or Register. As it appears on its face to have been intended to operate upon existing incumbents, and their predecessors, it could not reasonably, nor perhaps, constitutionally, have enlarged the obligations of sureties assumed previously. At any rate, the Act manifested a careful abstinence from such a purpose, both by omitting a clause charging the bonds with the burden, and by limiting the right of recovery to the ex-officer and his legal representatives. The Act, in giving the right of action against the original parties, in the case where the predecessor had not received the fees, uses the same form of expression," "recovered," and points in the one case and the other to a proceeding directly against the debtor, and not the collateral remedy of an action on an official bond. And all these features are substantially perpetuated in the Code. When the Act of 1853, ch. 444, was passed, providing for the payment to the State of any excess of emoluments over twenty-five hundred dollars, it expressly made the bond answerable. *See sec.* 6 *of that Act.* Upon this ground, therefore, as well as upon that considered by the Court below, the evidence offered was

inadmissible as not tending to show any breach of the bond in suit. No evidence was offered that the fees sought to be reclaimed, were received by Mr. Carman, after the 5th of December, 1861, the date of the bond. Indeed, the offer in terms reached back to the time when Mr. Carman entered upon office in 1857. It would be unprecedented to make the bond import a retrospective responsibility. "The duty of his said office," in the condition, refers to the time while the principal is still Clerk. When his term expires, he ceases to be Clerk— he "retires from office." *Code Pub. Genl. Laws, Art.* 38, *sec.* 7. He performs that part of the condition which relates to the papers and record books, by surrendering them to his successor ; and having thus discharged his bond, and being no longer Clerk, he has the personal privilege of receipting for papers to his successor, and, by the use of them, of completing and finishing his business within six months. Nothing in the bond looks to any prolongation of the liability of the sureties. The fallacy of the position which forms the basis of the plaintiff's argument, is manifest. It is not sufficient to show *some* breach of the bond, without reference to the question of damages. To maintain this action, *for the use of Longnecker,* such a breach must appear as he is interested in.

BOWIE, C. J., delivered the opinion of this Court.

At the trial of this cause below, three exceptions were taken, one by the defendants, (the appellees) and two by the plaintiff, the appellant. If the ruling of the Court below were correct in the latter, it will be unnecessary to examine the former, as the appellant's right of action in the present suit is virtually involved in his exceptions. The appellant sues as "*cestui que use*" on the official bond given by the appellee to the State, conditioned for the faithful performance of the office of Clerk of the

Circuit Court for Baltimore County. The breaches of the bond are not set out in the *nar.*, but are matter of evidence without being specially pleaded, under the provisions of the Code. The appellant's cause of action is founded on the construction of the 7th and 8th sections of the 38th Art. of the Code of Public General Laws, entitled "Fees of Officers." The 7th section requires the retiring Clerk, within six months from the time he retires from office, to complete the unfinished business of his office, and during that time gives him the right of possession (on receipting for the same) to all needful papers to enable him to finish his business. Section 8 imposes on the incoming Clerk, the duty of finishing all business left unfinished by his predecessor, within six months given in the preceding section, and further provides "and such Clerk or Register shall be allowed the usual fees for so doing, the same to be paid by his predecessor or his representatives in cases where his predecessor has received the fees, and in cases where the fees have not been received by his predecessor, such Clerk or Register shall collect the same from the parties, in the same manner that he collects other fees for similar services. The appellant, in his first bill of exceptions, proposed to offer evidence that Carman, his predecessor, as Clerk received fees amounting to $6,378.33, as stated in the bill of particulars, for business which he ought to have finished, and left unfinished after six months from the expiration of his office, but admitted that only a portion of said business had been finished by the appellant.

The second bill of exceptions presents the same question in another form, viz: The appellant, before the day of bringing the suit, had completed work left unfinished by Carman, (and for which he had received fees,) to the amount of $800, leaving other work unfinished by Carman, unperformed by the appellant, claiming to recover "*pro rata*" for the amount of work performed. The

State, use of Longnecker, Clerk, &c., *vs.* Carman *et al.*

Court below rejected the evidence tendered in both bills of exceptions, and in the second, instructed the jury that there could be no recovery on the bond sued on in behalf of the appellants, until he had completed all the business of the office left unfinished by Carman. It does not appear that the question whether the remedy was on the bond, or against Carman individually, was presented below, but rather whether the appellant could sue under the then state of facts. It is not necessary to consider the case more broadly than it was presented to the Court below. Both parties concede the right of action, if any, is founded on the 38th Art. of the Code, sec. 8. But one cause of action is contemplated in that section, which arises on the completion of the work left unfinished by the retiring Clerk; any other construction would subject him, or others liable, to infinite litigation. We do not intend to decide whether the remedy is on the bond, or against the Clerk individually, or his representatives. Concurring with the Court below in its rulings on the appellant's first and second exceptions, the judgment below will be affirmed.

*Judgment affirmed.*

(Decided 12th November, 1867.)

BARTOL, J., delivered the following separate opinion :

I concur with the Chief Justice in the opinion that the judgment of the Superior Court ought to be affirmed. According to my construction of the 8th section of the 38th Article of the Code, upon which this case depends, the remedy given to the Clerk for the recovery of fees for work done by him, for which his predecessor had been paid, is by an action against the "former Clerk or his representatives," and not by a suit upon the bond. This seems to me to be the true intent of the words of the Code ; and this action, therefore, cannot for that reason be maintained.